## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALI MIRZAEE,

      Petitioner,

v.

TODD M. LYONS, in his official capacity as
Acting Director of the Immigration and
Customs Enforcement; RYAN ELLISON, in
his official capacity as First Assistant U.S.
Attorney of the District of New Mexico;
TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; MARY
DE ANDA-YBARRA, in her official
capacity as El Paso Field Office Director of
the Immigration and Customs Enforcement;
and WARDEN, Otero County Processing
Center,

      Respondents.

Case No. 2:26-cv-01364-MIS-JHR

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Ali Mirzaee's Petition for Writ of Habeas

Corpus ("Petition"), ECF No. 1, filed April 30, 2026. Respondents Todd M. Lyons, Ryan Ellison,

Todd Blanche, Markwayne Mullin, and Mary De Anda-Ybarra ("Federal Respondents"),[1] filed a

Response on May 18, 2026, ECF No. 7.

---

[1]     Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Respondents argue that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 3. Respondents acknowledge, however, "this Court recently reached the opposite conclusion in Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026) on facts substantially similar" to this case. Id. Respondents further acknowledge that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision." Id.

Ultimately, the Court finds that Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States. Id. at 1-5. As the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, the Court adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

2

1.      Petitioner Ali Mirzaee's Petition for Writ of Habeas Corpus, ECF No. 1, is

        **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner from detention;

3.      Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing

        before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the

        Government must prove by clear and convincing evidence that Petitioner is a

        danger or flight risk;

4.      Respondents **SHALL NOT** impose any new condition of release;

5.      Respondents **SHALL** file a Notice of Compliance with this Order; and

6.      The Court will separately enter Final Judgment in favor of Petitioner but retain

        jurisdiction over this matter to ensure compliance with this Order and to entertain

        any motions for attorneys' fees.

        _____
        **MARGARET STRICKLAND**
        UNITED STATES DISTRICT JUDGE